[Counsel Listed on Signature Block]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

NOTE CHANGES MADE BY THE COURT

"Mandatory Chambers Copy"

RUSS, AUGUST & KABAT

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., | Case No. 8:16-CV-01790-JVS-AGR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKER INC., DATA LOCKER INTERNATIONAL, LLC, | |
| Defendants. | |
| SPEX TECHNOLOGIES, INC., | Case No. 8:16-CV-01799-JVS-AGR |
| Plaintiff, | |
| v. | |
| WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., HGST, INC., | NOTE CHANGES MADE BY THE COURT |
| Defendants. | |

NOTE CHANGES MADE BY THE COURT

1

**STIPULATED PROTECTIVE ORDER**

RUSS, AUGUST & KABAT

| SPEX TECHNOLOGIES, INC., | Case No. 8:16-CV-01800-JVS-AGR |
|---|---|
| Plaintiff | |
| v. | |
| TOSHIBA AMERICA ELECTRONICS COMPONENTS INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., TOSHIBA AMERICA, INC., AND TOSHIBA CORPORATION, | |
| Defendants. | |
| SPEX TECHNOLOGIES, INC., | Case No. 2:16-CV-07349-JVS-AGR |
| Plaintiff, | |
| v. | |
| APRICORN, INC., | |
| Defendant. | |

**STIPULATED PROTECTIVE ORDER**

It is hereby stipulated by the parties that the Court enter the following Order protecting confidentiality of both party and non-party information to be disclosed in these litigations.

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and Civil Local Rules. As set forth in Section 14.3 below, this Protective Order does by itself not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that constitute or include information that is not publicly known and that cannot be ascertained from an inspection of publicly available documents.

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their respective support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed or generated in disclosures, responses to discovery, or depositions in this matter.

2.6   Expert: a person who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL," would not adequately protect the interests of the Designating Party.  Examples of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material include, but are not limited to, the following:

    A.    Confidential licenses and licensing terms;

    B.    Confidential sales, pricing, profit, and other financial information;

    C.    Confidential business, marketing, and strategic plans and forecasts;

    D.    Confidential technical information, including design, engineering and development documents;

    E.    Employee personal information, to the extent such information is produced and not redacted;

    F.    Trade Secrets; and

2

G. Any other type or category of information which a Producing Party believes must be held in highest level of confidence because it could otherwise create a competitive disadvantage.

2.8 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: "Confidential Information or Items" representing schematics, Hardware Description Language (HDL) or Register Transfer Level (RTL) files or computer code and associated comments and revision histories, the disclosure of which the Parties acknowledge would create a substantial risk of serious harm such that disclosure could not be avoided by less restrictive means ("Source Code"). For avoidance of doubt, Source Code includes, but is not limited to, source files, "include" files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, net lists, circuit schematics, browser info files, debug files, computer code, scripts, assembly, binaries and object code and other human-readable files used in the compilation of Source Code into a software program. The Receiving Party shall not attempt to build or compile the Source Code.

2.09 House Counsel: attorneys who are employees of a Party or a related entity. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.11 Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3

2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, including but not limited to (i) publicly available advertising materials, (ii) materials that have been published to the general public, or (iii) documents that have been submitted to any governmental entity without request for confidential treatment, or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Nothing in this Order shall

4

restrict in any way a Producing Party's use or disclosure of its own Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court will retain jurisdiction over disputes arising from this stipulated protective order for ninety (90) days after final disposition, as defined in the preceding sentence.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that it reasonably believes there is good cause to protect in accordance with the definitions and provisions of this Order. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that it reasonably believes qualify for protection. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in

5

1  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
2  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
3  under this Order must be clearly so designated before the material is disclosed or
4  produced.

5      Designation in conformity with this Order requires:

6      (a) for information in documentary form (e.g., paper or electronic documents,
7  but excluding transcripts of depositions or other pretrial or trial proceedings), that
8  the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY
9  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY
10  CONFIDENTIAL – SOURCE CODE" to each page that contains Protected
11  Material. If only a portion or portions of the material on a page qualifies for
12  protection, the Producing Party also must clearly identify the protected portion(s)
13  (e.g., by making appropriate markings in the margins) and must specify, for each
14  portion, the level of protection being asserted.

15      If a Party or Non-Party identifies a set of documents that are better made
16  available for inspection, the Party or Non-Party may make the original documents
17  or materials available for inspection as they are kept in the ordinary course of
18  business.  The Party or Non-Party need not designate them for protection until after
19  the inspecting Party has indicated which material it would like copied and
20  produced. During the inspection and before the designation, all of the material
21  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
22  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the
23  documents it wants copied and produced, the Producing Party must determine
24  which documents, or portions thereof, qualify for protection under this Order. Then,
25  before producing the specified documents, the Producing Party must affix the
26  appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
27  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE
28  CODE) as required by this Order.

**STIPULATED PROTECTIVE ORDER**

AGR

1   (b) for testimony given in deposition, or in other pretrial or trial proceedings,

2   that the Designating Party identify on the record, before the close of the deposition,

3   hearing, or other proceeding, all protected testimony and specify the level of

4   protection being asserted. When it is impractical to identify separately each portion

5   of testimony that is entitled to protection and it appears that substantial portions of

6   the testimony may qualify for protection, the Designating Party may invoke on the

7   record (before the deposition, hearing, or other proceeding is concluded) a right to

8   have up to 30 days from the time the final transcript is available to identify the

9   specific portions of the testimony as to which protection is sought and to specify the

10  level of protection being asserted. Only those portions of the testimony that are

11  appropriately designated for protection within the 30 days shall be covered by the

12  provisions of this Protective Order. Alternatively, a Designating Party may specify,

13  at the deposition or up to 30 days afterwards if that period is properly invoked, that

14  the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Designating Party may also

16  specify that portions of the deposition transcript be identified as containing

17  "HIGHLY CONFIDENTIAL – SOURCE CODE." In the event that the deposition

18  is videotaped, the original and all copies of the videotape shall be marked by the

19  video technician pursuant to the terms of this Protective Order to indicate that the

20  contents of the videotape are subject to this Protective Order.

21      Parties shall give the other parties notice if they reasonably expect a

22  deposition, hearing, or other proceeding to include Protected Material so that the

23  other parties can ensure that only authorized individuals including those who have

24  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

25  at those proceedings. Counsel for the Producing Party shall have the right to

26  exclude from oral depositions—other than the deponent, the deponent's counsel, the

27  reporter and the videographer (if any)—any person who is not authorized by this

28  Protective Order to receive or access Protected Material based on the designation of

7

**STIPULATED PROTECTIVE ORDER**

1    such Protected Material.  Such right of exclusion shall be applicable only during

2    periods of examination or testimony regarding such Protected Material.  The use of

3    a document as an exhibit at a deposition shall not in any way affect its designation

4    as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY."

6           Transcripts containing Protected Material shall have an obvious legend on

7    the title page that the transcript contains Protected Material, and the title page shall

8    be followed by a list of all pages (including line numbers as appropriate) that have

9    been designated as Protected Material and the level of protection being asserted by

10   the Designating Party. The Designating Party shall inform the court reporter of

11   these requirements. Any transcript that is prepared before the expiration of the 30-

12   day period for designation shall be treated during that period as if it had been

13   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

14   entirety unless otherwise agreed. After the expiration of that period, the transcript

15   shall be treated only as actually designated.

16          (c) for information produced in some form other than documentary and for

17   any other tangible items, that the Producing Party affix in a prominent place on the

18   exterior of the container or containers in which the information or item is stored the

19   legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20   ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or

21   portions of the information or item warrant protection, the Producing Party, to the

22   extent practicable, shall identify the protected portion(s) and specify the level of

23   protection being asserted.

24          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

25   failure to designate qualified information or items does not, standing alone, waive

26   the Designating Party's right to secure protection under this Order for such material.

27   Upon timely correction of a designation, the Receiving Party must make reasonable

28   efforts to assure that the material is treated in accordance with the provisions of this

**STIPULATED PROTECTIVE ORDER**

1    Order.

2        5.4    Export Restriction. "EXPORT-CONTROL-RESTRICTED"

3    documents, information, material, and testimony may not be exported, re-exported,

4    temporarily imported, transferred, or retransferred to any non-U.S. person, country,

5    or entity, by any means, without the appropriate approval of the U.S. Department of

6    State, Directorate of Defense Trade Controls ("DDTC") for International Traffic in

7    Arms Regulations ("ITAR") Restricted materials, and the U.S. Department of

8    Commerce, Bureau of Industry and Security ("BIS") for Export Administration

9    Regulations ("EAR") Restricted materials.  These restrictions also apply to United

10   States citizens and permanent residents employed by a company or organization

11   that falls within the definition of "foreign person." See ITAR, 22 C.F.R. § 120.16.

12   United States persons employed by such a foreign organization or company are not

13   eligible to receive ITAR-controlled information absent an authorization from the

14   DDTC or EAR-controlled information absent an authorization from the BIS.

15       The parties agree to treat all materials designated by another party as

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY

17   CONFIDENTIAL – SOURCE CODE," or "EXPORT-CONTROL RESTRICTED"

18   as EXPORT-CONTROL-RESTRICTED materials.  Absent appropriate

19   authorization (as explained above) or consent from the Producing Party (as

20   explained below), persons (as defined by ITAR § 120.15) with access to documents

21   treated as EXPORT-CONTROL-RESTRICTED shall not transfer, carry, or send

22   such information to a location outside the United States, including via any

23   electronic device or means, nor otherwise share such information with any person

24   not explicitly authorized to receive such information as set forth above.

25       Although materials designated as "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE,"

27   or "EXPORT-CONTROLLED RESTRICTED" by another party will be treated as

28   EXPORT-CONTROL-RESTRICTED by default as a precautionary measure, the

1   parties anticipate that not all such materials are subject to the above federal export

2   restrictions.  If the Receiving Party believes any "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE,"

4   or "EXPORT-CONTROL-RESTRICTED" materials are not subject to federal

5   export restrictions and can properly be shared with a foreign national under the

6   other provisions of this Order, the Receiving Party may seek consent of the

7   Producing Party to share the document.  Consent shall not be withheld except for

8   good cause shown.  The restrictions contained within this paragraph do not create

9   or otherwise impose an obligation on the Receiving Party to verify an individual's

10   citizenship, who is permitted to have access under Paragraph 7.3 (c), (e) (f) or (g).

11   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

12      6.1   Timing of Challenges. Any Party or Non-Party may challenge a

13   designation of confidentiality at any time. Unless a prompt challenge to a

14   Designating Party's confidentiality designation is necessary to avoid foreseeable,

15   substantial unfairness, unnecessary economic burdens, or a significant disruption or

16   delay of the litigation, a Party does not waive its right to challenge a confidentiality

17   designation by electing not to mount a challenge promptly after the original

18   designation is disclosed.

19      6.2   Meet and Confer. The Challenging Party shall initiate the dispute

20   resolution process by providing written notice of each designation it is challenging

21   and describing the basis for each challenge. To avoid ambiguity as to whether a

22   challenge has been made, the written notice must recite that the challenge to

23   confidentiality is being made in accordance with this specific paragraph of the

24   Protective Order. The parties shall attempt to resolve each challenge in good faith

25   and must begin the process by conferring directly (in voice to voice dialogue; other

26   forms of communication are not sufficient) within 14 days of the date of service of

27   notice. In conferring, the Challenging Party must explain the basis for its belief that

28   the confidentiality designation was not proper and must give the Designating Party

10

*to request a discovery conference regarding a proposed motion*

1  an opportunity to review the designated material, to reconsider the circumstances,

2  and, if no change in designation is offered, to explain the basis for the chosen

3  designation. A Challenging Party may proceed to the next stage of the challenge

4  process only if (1) it has engaged in this meet and confer process first, or (2)

5  establishes that the Designating Party is unwilling to participate in the meet and

6  confer process in a timely manner.

7      6.3   Judicial Intervention. If the Parties cannot resolve a challenge without

8  court intervention, the Designating Party shall ~~file and serve a motion~~ to retain  *Contact the magistrate judge's CRD*

*AGR*  9  confidentiality ~~under Civil Local Rule 7 (and in compliance with Civil Local Rule~~

10  ~~79-5, if applicable)~~ within 21 days of the initial notice of challenge or within 14

11  days of the parties agreeing that the meet and confer process will not resolve their

12  dispute, whichever is later. In addition, the Challenging Party may ~~file a~~ motion  *request a discovery conference regarding a proposed*

13  challenging a confidentiality designation at any time after complying with the meet

14  and confer requirements imposed in the preceding paragraph, including a challenge

15  to the designation of a deposition transcript or any portions thereof. Any motion

16  brought pursuant to this provision, whether by the Designating Party or Challenging

17  Party, must be accompanied by a competent declaration affirming that the movant

18  has complied with the meet and confer requirements imposed by the preceding

19  paragraph.

20      The burden of persuasion in any such challenge proceeding shall be on the

21  Designating Party. Frivolous challenges and those made for an improper purpose

22  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

23  expose the Challenging Party to sanctions. Unless the Designating Party has waived

24  the confidentiality designation by failing to file a motion to retain confidentiality as

25  described above, all parties shall continue to afford the material in question the

26  level of protection to which it is entitled under the Producing Party's designation

27  until the court rules on the challenge.

28  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

11

**STIPULATED PROTECTIVE ORDER**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any information or item of the Protected Material.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom

12

the procedures set forth in paragraph 7.4, below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, interpreters or translators, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action for the Designating Party, the Producing Party and any party with knowledge about the document;

(g) the author or recipient appearing on the face of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator who is assigned to hear this matter, and his or her staff.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;[1]

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

---

[1] This Order contemplates that House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**STIPULATED PROTECTIVE ORDER**

in paragraph 7.4, below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, interpreters or translators, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses in the action for the Designating Party or the Producing Party (not the Receiving Party), including former employees whom Receiving Party has a good faith belief had access to the information during their employment with the Designating Party or the Producing Party;

(f) the author or recipients appearing on the face of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator who is assigned to hear this matter, and his or her staff.

7.4  <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.2 or 7.3 first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume and the "Acknowledgement and Agreement to be Bound," (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his

14

or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

15

1   In any such proceeding, the Party opposing disclosure to the Expert shall
2   bear the burden of proving that the risk of harm that the disclosure would entail
3   (under the safeguards proposed) outweighs the Receiving Party's need to disclose
4   the Protected Material to its Expert.

5   8.   PROSECUTION BAR

6   Absent written consent from the Producing Party, any individual who
7   receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
8   "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be
9   involved in the prosecution of patents or patent applications relating to the subject
10  matter of this action, including without limitation the patents asserted in this action
11  and any patent or application claiming priority to or otherwise related to the patents
12  asserted in this action, before any foreign or domestic agency, including the United
13  States Patent and Trademark Office ("the Patent Office"). For purposes of this
14  paragraph, "prosecution" includes directly or indirectly drafting or amending patent
15  claims.  To avoid any doubt, "prosecution" does not include representing a party
16  during a post-issuance proceeding before a domestic or foreign agency (including,
17  but not limited to, a reissue, ex parte reexamination or *inter partes* reexamination)
18  so long as the individual does not participate in any way in drafting or amending
19  patent claims.  For the sake of clarity, the preceding sentence includes advising,
20  counseling or any other input into drafting and amending claims.  "Prosecution"
21  also does not include representing a petitioner in a post-issuance proceeding before
22  a domestic or foreign agency.  This Prosecution Bar shall begin when a person has
23  accessed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
24  "HIGHLY CONFIDENTIAL – SOURCE CODE" information and shall end one
25  (1) year after final termination of this action, including final resolution of any
26  appeals or after the time to appeal has expired without an appeal having been filed.

27  9.   SOURCE CODE

28  (a)   To the extent production of source code becomes necessary in

16

this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraph 7.3.

(c)     Any Source Code produced in discovery shall be made available for inspection as it is kept in the ordinary course of business (including but not limited to in native form and in the file-naming and directory structure in which it is ordinarily kept), in a format allowing it to be reasonably reviewed and searched, during normal business hours (or at other mutually agreeable times), at an office of the Producing Party's counsel or another mutually agreed upon location, or, in the case of Non-Party Source Code, at a location designated by the Non-Party. Upon initial inspection, the Receiving Party shall give at least ten (10) days prior written notice of its intent to review Source Code. Written notices of subsequent inspections shall be made at least three (3) business days prior to the intended start of the review. The Source Code shall be made available for inspection in a secured room ("Source Code Room") on a secured computer without Internet access or network access to other computers ("Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may designate a person to periodically visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The inspection may not be monitored using mechanical, software or electronic means,

17

including video cameras, still cameras or keyloggers.  The use of any laptop computer with a camera, input/output device, recordable media, or recordable device (*e.g.*, USB memory stick, CDs, portable hard drives, cameras (including cellular phones with camera functionality), sound recorders, etc.) is prohibited while accessing the Protected Code Computer, and no such devices or media shall be permitted in the Source Code Room.

The Source Code Computer shall include software utilities that provide the ability to (a) view, search, and identify the line number of any source file, (b) search for a given pattern of text through multiple files, and (c) compare two files.  Acceptable software utilities for source code include Notepad++ and Eclipse.   Default Windows programs such as Notepad are not sufficient. Schematics shall be produced using the software used by the Producing Party to access the schematics during the normal course of business.  In addition to these tools, the Receiving Party may request that commercially available software tools for reviewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses any appropriate license to such software tools which may be transferred to the Producing Party for the purposes of the inspection, or reimburses the Producing Party for the costs to obtain a license to such software tools; (b) the Producing Party approves such software tools (such approval shall not be unreasonably withheld); (c) the Receiving Party provides the Producing Party with written justification as to why such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein; and (d) the request to install the software tools is made at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  To the extent only the Receiving Party possesses or has access to the software tools, the Receiving Party must provide the Producing Party with the

18

licensed software tool(s) at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer if the Producing Party does not object to such installation.  If the Producing Party objects to a software tool requested by the Receiving Party, it shall, within five (5) business days of receiving the Receiving Party's request, initiate the dispute resolution process set forth in Paragraph 6.  For emphasis, it should be noted that Source Code review tools may not be used to circumvent the protections of this Protective Order in any way.  The electronic Source Code shall be produced in a manner that preserves filenames and directory structures.  The Receiving Party's Outside Counsel of Record and/or Experts shall be entitled to take notes relating to the Source Code, including on a laptop computer without a camera, but may not copy the Source Code into their notes.  Any notes relating to the Source Code shall be subject to all of the restrictions of the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation.  The inadvertent leaving of materials in the Source Code Room does not operate as a waiver of the attorney work product doctrine or any other applicable privilege and such materials shall be returned to their owner promptly.  No copies of all or any portion of the Source Code may leave the Source Code Room except as otherwise provided in this Protective Order.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided in this Protective Order.

(d) During or after a Source Code inspection, the Receiving Party may request that the Producing Party print specified portions of the Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance.  Should the Producing Party believe the requested number or content of the printouts is excessive, the parties shall meet and confer regarding the request.  If the concerns cannot be resolved, the Producing

19

Party shall file for a protective order within 10 business days of raising its objection.   Unless it objects to the request, within three (3) business days of receiving a request for paper copies of Source Code from the Receiving Party, the Producing Party shall provide the requested portions of Source Code in paper form to the Receiving Party, with bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." If the Producing Party objects to the amount of Source Code requested by the Receiving Party in paper form, it shall, within three (3) business days of receiving the Receiving Party's request, initiate the dispute resolution process set forth in Paragraph 6.

(e) The Receiving Party shall maintain a record of the address where each paper copy of the Source Code is kept or moved and the name of each person with access to each paper copy of the Source Code at the provided address.  The Receiving Party shall further maintain a record indicating any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area when not in immediate use. In addition, the Receiving Party may ship paper copies of printed portions of the Source Code via a secure courier delivery service, signature required (e.g. Federal Express) to persons authorized to access same under this Protective Order, who shall also maintain all paper copies of any printed portions of the Source Code in a secured, locked area when not in immediate use.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except small excerpts thereof reasonably necessary for court filings, expert reports, discovery responses and other similar documents.  All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other

STIPULATED PROTECTIVE ORDER

papers (including expert reports), (2) necessary for deposition, or (3) otherwise
necessary for the preparation of its case. Any paper copies used during a deposition
shall be retrieved by the Producing Party at the end of each day and must not be
given to or left with a court reporter or any other unauthorized individual.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
      IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this action as
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification
shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order
to issue in the other litigation that some or all of the material covered by the
subpoena or order is subject to this Protective Order. Such notification shall include
a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be
pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with
the subpoena or court order shall not produce any information designated in this
action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a
determination by the court from which the subpoena or order issued, unless the
Party has obtained the Designating Party's permission. The Designating Party shall

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

**STIPULATED PROTECTIVE ORDER**

1    bear the burden and expense of seeking protection in that court of its confidential

2    material – and nothing in these provisions should be construed as authorizing or

3    encouraging a Receiving Party in this action to disobey a lawful directive from

4    another court.

5    11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

6          PRODUCED IN THIS LITIGATION

7          (a) The terms of this Order are applicable to information produced by a

8    Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

9    CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

10   CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties

11   in connection with this litigation is protected by the remedies and relief provided by

12   this Order. Nothing in these provisions should be construed as prohibiting a Non-

13   Party from seeking additional protections.

14         (b) In the event that a Party is required, by a valid discovery request, to

15   produce a Non-Party's confidential information in its possession, and the Party is

16   subject to an agreement with the Non-Party not to produce the Non-Party's

17   confidential information, then the Party shall:

18         1.    promptly notify in writing the Requesting Party and the Non-

19   Party that some or all of the information requested is subject to a confidentiality

20   agreement with a Non-Party;

21         2.    promptly provide the Non-Party with a copy of the Protective

22   Order in this litigation, the relevant discovery request(s), and a reasonably specific

23   description of the information requested; and

24         3.    make the information requested available for inspection by the

25   Non-Party.

26         (c) If the Non-Party fails to object or seek a protective order from this

27   court within 14 days of receiving the notice and accompanying information, the

28   Receiving Party may produce the Non-Party's confidential information responsive

22

**STIPULATED PROTECTIVE ORDER**

to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Inadvertent or unintentional production of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" documents or information without such designations shall not be deemed a waiver in whole or in part of a claim for treatment as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If, through inadvertence, a Producing Party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL," "HIGHLY

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER

1   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

2   CONFIDENTIAL – SOURCE CODE" the Producing Party may subsequently

3   inform the Receiving Party of the specific designation of the disclosed information,

4   and the Receiving Party shall treat the disclosed information as

5   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6   ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information upon

7   receipt of written notice from the Producing Party.  To the extent the Receiving

8   Party has already disclosed such information, the Receiving Party shall use its best

9   efforts to promptly collect any copies of disclosed material that have been provided

10  to individuals other than those authorized under this Protective Order, and if

11  collected, shall destroy or return them to the Producing Party.

12       An inadvertent failure to designate does not relieve a recipient of obligations

13  under ITAR and EAR.  Furthermore, ITAR and EAR contain additional provisions

14  relating to the disclosure of any actual or suspected infractions regarding

15  "EXPORT-CONTROL-RESTRICTED" documents and things.[5]  Any party aware

16  of actual or suspected violations of ITAR and/or EAR will immediately inform, and

17  await further instructions from, the Producing Party.

18       If a Producing Party inadvertently produces a document, tangible item or

19  electronically stored information that it later discovers or in good faith asserts to be

20  privileged, protected by the work product doctrine, or subject to some other

21  immunity from disclosure ("Privileged Material") the production of that Privileged

22  Material shall not be deemed to constitute a waiver of any applicable privileges,

23  work product protection, or immunity from disclosure. In such circumstances, upon

24  discovery of the inadvertent disclosure, the Producing Party shall immediately

25  notify the Receiving Party of the inadvertent production, and request either the

26

27  [5] See, e.g., ITAR, 22 C.F.R. § 127.12; EAR, 15 C.F.R. §§ 730-44.

28

**STIPULATED PROTECTIVE ORDER**

return or confirmation of destruction of the Privileged Materials. Within five (5) business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials. Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials (based on information independent of the content of the returned, allegedly privileged materials in question) and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged or otherwise protected in any way. The Producing Party shall retain the Privileged Material for submission to the Court in the event the Receiving Party moves to compel.

14.   MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  In order to be treated as confidential, any materials filed with the Court must be lodged with a request for filing under seal in compliance with Civil Local Rule 79-5.

15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Outside Counsel of Record need not purge its document management system or backup tapes to eliminate Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: 6/27/17 _____

_____
Hon. ~~James V. Selna~~ Alicia G. Rosenberg
United States ~~District~~ Judge
Magistrate

DATED: June 14, 2017        RUSS, AUGUST & KABAT

By: */s/ Andrew D. Weiss*  _____
Marc A. Fenster
Benjamin T. Wang
Andrew D. Weiss

Attorneys for Plaintiff

26

1

SPEX TECHNOLOGIES, INC.

2    Dated: June 6, 2017

WILLIAM C. ROOKLIDGE
3                              FRANK P. COTE
RUSTIN K. MANGUM
GIBSON, DUNN & CRUTCHER LLP
4

5                              By: __/s/ Frank P. Coté__
Frank P. Coté
6
Attorneys  for  Defendants  WESTERN
7                              DIGITAL    CORPORATION,    WESTERN
DIGITAL   TECHNOLOGIES,   INC.,   and
8                              HGST, INC.

9
Dated: June 6, 2017
10                              CHRISTOPHER D. BRIGHT
McDERMOTT WILL & EMERY LLP
11

12                              By: __/s/ Christopher D. Bright__
Christopher D. Bright
13
Attorneys for Defendant APRICORN
14

15    Dated: June 6, 2017

DOUGLAS W. ROBINSON
16                              SHOOK, HARDY & BACON L.L.P.

17                              By: __/s/ Douglas W. Robinson__
Douglas W. Robinson
18
Attorneys for Defendants
19                              DATALOCKER, INC. and DATA LOCKER
INTERNATIONAL, LLC
20

21    Dated: June 6, 2017

ERIN O. DUNGAN
22                              WINTHROP & WEINSTINE, P.A.

23                              By: __/s/ Erin O. Dungan__
Erin O. Dungan
24
Attorneys for Defendant
25                              IMATION CORPORATION

26

27

28

27

1

Dated: June 6, 2017

2

3

4

5

6

7

8

DAVID HOFFMANN
FISH & RICHARDSON P.C.
VICTORIA HAO
LAW OFFICES OF S.J. CHRISTINE YANG


By: _/s/ Victoria Hao_
　　　　　　　Victoria Hao

Attorneys for Defendants
KINGSTON　　　　　　　TECHNOLOGY
CORPORATION,　KINGSTON　DIGITAL,
INC.,　and　KINGSTON　TECHNOLOGY
COMPANY, INC.

9

Dated: June 6, 2017

10

11

12

13

14

15

16

DOUGLAS F. STEWART
BRACEWELL LLP


By: _/s/ Douglas F. Stewart_
　　　　　　　Douglas F. Stewart

*Attorneys for Defendants*
TOSHIBA AMERICA ELECTRONIC
COMPONENTS INC., TOSHIBA AMERICA
INFORMATION　SYSTEMS,　INC.,　and
　　　　　　TOSHIBA
CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

28

**STIPULATED PROTECTIVE ORDER**

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the consolidated cases of *SPEX Technologies, Inc. v. Kingston Technology Corporation, et al.*, Case No. 8:16-cv-1790 (C.D. Cal.), *SPEX Technologies, Inc. v. Western Digital Corporation, et al.*, Case No. 8:16-cv-1799 (C.D. Cal.), *SPEX Technologies, Inc. v. Toshiba America Electronics Components, Inc., et al.*, Case No. 8:16-cv-1800 (C.D. Cal.), and *SPEX Technologies, Inc. v. Apricorn*, Case No. 2:16-cv-7349 (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

**I further expressly confirm I have received Paragraph 5.4 of the Protective Order.** I understand that the Arms Export Control Act, ITAR, and EAR also impose criminal and civil penalties for violations of their provisions, such as the unlicensed export, disclosure, or transfer of technical data to a foreign person. I agree to comply with the requirements set forth in the Protective Order regarding the protection and distribution of EXPORT-CONTROL-RESTRICTED information.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination

1

1   of this action.

2

3

4

5

6   Date: _____

7   City and State where sworn and signed: _____

8

9   Printed name: _____

10            [printed name]

11

12

13   Signature: _____

14            [signature]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**STIPULATED PROTECTIVE ORDER**