RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Ben Wang, SBN 228712
bwang@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
SPEX TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKER INC., DATA LOCKER INTERNATIONAL, LLC,<br><br>Defendants. | Case No. 8:16-CV-01790-JVS-AGR<br><br>**PLAINTIFF SPEX TECHNOLOGIES, INC.'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF ON THE "DEFINED INTERACTION" TERM** |

170929 SPEX Supp Claim Construction Brief.docx

**PLAINTIFF SPEX TECHNOLOGIES, INC.'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF ON THE "DEFINED INTERACTION" TERM**

| | | |
|---|---|---|
| 1 | SPEX TECHNOLOGIES, INC., | Case No. 8:16-CV-01799-JVS-AGR |
| 2 | Plaintiff, | |
| 3 | | |
| 4 | v. | |
| 5 | WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., HGST, INC., | |
| 6 | | |
| 7 | | |
| 8 | Defendants. | |
| 9 | SPEX TECHNOLOGIES, INC., | Case No. 8:16-CV-01800-JVS-AGR |
| 10 | Plaintiff, | |
| 11 | | |
| 12 | v. | |
| 13 | TOSHIBA AMERICA ELECTRONICS COMPONENTS INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., TOSHIBA AMERICA, INC., AND TOSHIBA CORPORATION, | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | Defendants. | |
| 18 | SPEX TECHNOLOGIES, INC., | Case No. 2:16-CV-07349-JVS-AGR |
| 19 | Plaintiff, | |
| 20 | | |
| 21 | v. | |
| 22 | APRICORN, INC., | |
| 23 | Defendant. | |
| 24 | | |

RUSS, AUGUST & KABAT

170929 SPEX Supp Claim Construction Brief.docx

**PLAINTIFF SPEX TECHNOLOGIES, INC.'S
RESPONSIVE CLAIM CONSTRUCTION BRIEF**

SPEX's response to Kingston's petition for *Inter Partes* Review ("IPR") of the '135 patent did not unequivocally and unambiguously exclude the "transfer of data" from the meaning of the term "defined interaction." SPEX never asserted that a "transfer of data" cannot be a "defined interaction." Rather, solely in the context of claim 57 of the '135 patent, SPEX pointed out that Kingston was relying on the <u>same</u> communication of data in the prior art to satisfy two different claim steps. That was problematic for Kingston because the first claim step required communicating to exchange data from a host to a device, and the second step then required performing a defined interaction "<u>on the exchanged data</u>" (*i.e.*, the data that had been communicated to the device). Kingston, however, failed to explain how the same communication of data could satisfy both steps. And it exacerbated that problem by failing to construe the language of the two steps,[1] and failing to differentiate between the two separate steps in its analysis of prior art.

Specifically, claim 57 requires, among other steps, both (a) "communicating with the host computing device to exchange data between the host computing device and the modular device" and (b) "performing one or more security operations and the defined interaction on the exchanged data." But Kingston's petition relied on the same "'communicating' or otherwise transmitting the data" from the prior art to meet both claim steps. Ex. C at 19.[2] Kingston, however, "ha[d] not offered a construction for 'defined interaction on the exchanged data,' and … ha[d] not differentiated this term from the communicated limitation." *Id.* In other words, Kingston failed to explain, through proposed constructions or otherwise,

---

[1] 37 CFR §42.104(b)(3) (requiring IPR petitions to identify "How the challenged claim is to be construed."); *see also* Ex. B at 9 ("Our Rules specifically require that a petition for *inter partes* review identify how each challenged claim is to be construed ….").

[2] Unless otherwise noted, all exhibits refer to the exhibits filed by defendants in support of their supplemental claim construction brief.

RUSS, AUGUST & KABAT

how the same activity could satisfy both steps. SPEX identified these holes in Kingston's IPR petition. It did not, however, fill those holes with any clear and unmistakable disavowal on how "defined interaction" should have been construed by Kingston in the first instance.

The PTAB recognized that SPEX was simply identifying deficiencies rather than offering affirmative constructions or arguments. The PTAB faulted Kingston because it "d[id] not identify any disclosure in [the prior art] of 'communicating … to exchange data' as a step separate from the exchange alleged to teach the 'perform[ance of] … the defined interaction' …." Ex. A at 18. The PTAB concluded that Kingston had, therefore, failed to "establish[] a reasonable likelihood of prevailing in showing that [the prior art] anticipates or renders obvious the subject matter of claim 57." *Id.* at 19.

Arguing that Kingston had not met its burden to justify institution of an IPR proceeding does not clearly and unmistakably disavow any construction for either step. At most, SPEX argued that "'communicating' or otherwise transmitting the data" cannot meet both the "communicating" step and "performing" step of claim 57. But that does not mean that transferring the exchanged data cannot be a defined interaction. All it means is that a defined interaction of transferring the exchanged data must be different from the first claim step's transfer of data from the host to the device. By relying on "'communicating' or otherwise transmitting the data" to satisfy the "communicating step, Kingston could not, "without showing more from the specification," rely on that same evidence for the "performing" step. Ex. C at 20. "[F]or prosecution disclaimer to attach, [Federal Circuit] precedent requires that the alleged disavowing actions or statements made during prosecution be both clear and unmistakable." *Omega Eng'g, Inc., v. Raytek Corp.*, 334 F.3d 1314, 1325-26 (Fed. Cir. 2003); *see also Biogen Idec, Inc. v. GlaxoSmithKline LLC*, 713 F.3d 1090, 1095 (Fed. Cir. 2013) (patentee must "unequivocally and unambiguously disavow[] a certain meaning"). Pointing out that Kingston was

170929 SPEX Supp Claim Construction Brief.docx                          2
**PLAINTIFF SPEX TECHNOLOGIES, INC.'S SUPPLEMENTAL CLAIM
CONSTRUCTION BRIEF ON THE "DEFINED INTERACTION" TERM**

relying on the same evidence to meet two different claim steps, without offering a construction of either step, differentiating the steps, or showing more from the specification, is not a clear and unmistakable disavowal.

Nor would such a disavowal make sense in light of the intrinsic evidence. "The defined interaction can provide a variety of types of functionality (e.g., data storage, data communication, data input and output, user identification)." '802 patent, abstract; *see also* '135 patent, 3:31-35, 4:18-31, 4:40-47. The intrinsic record expressly states that a "defined interaction" can provide functionality, such as "data communication" and "data input and output."

SPEX did not clearly and unambiguous disclaim "transfer of data" from a "defined interaction." Faulting Kingston for relying on the same prior art evidence of communicating data for both the "communicating" and "performing" steps of claim 57, without any proposed constructions or further explanation, is not a clear and unmistakable disavowal.

Respectfully submitted,

DATED: September 29, 2017            RUSS, AUGUST & KABAT

 */s/ Andrew D. Weiss*
   Andrew D. Weiss

RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Ben Wang, SBN 228712
bwang@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

**Attorneys for Plaintiff
SPEX TECHNOLOGIES, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 29, 2017. As such, this document was served on all counsel who have consented to electronic service.

*/s/ Andrew D. Weiss*
Andrew D. Weiss