RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
bwang@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
SPEX TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., HGST, INC., <br><br> Defendants. | Case No. 8:16-CV-01799-JVS-AGR <br><br> **PLAINTIFF SPEX TECHNOLOGIES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY** <br><br> **Hearing:** <br> Date:   September 18, 2023 <br> Time:   1:30 p.m. <br> Place:   Courtroom 10C <br> Judge:   Hon. James V. Selna |

RUSS, AUGUST & KABAT

230807 MEM P&A MSJ No Invalidity.docx

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

TABLE OF CONTENTS

PAGE

I.    STATEMENT OF THE ISSUES TO BE DECIDED ...............................1

II.   INTRODUCTION.................................................................................1

III.  LEGAL STANDARDS ..........................................................................3

      A.    Summary Judgment Standard ..................................................3

      B.    Invalidity Standard..................................................................4

IV.   THE PRIOR ART AT ISSUE IN THIS MOTION...............................5

V.    ARGUMENT ..........................................................................................6

      A.    SPEX Is Entitled To Summary Judgment On WD's Prior Art Defenses Because WD Cannot Show The Prior Art Discloses The "Means For Providing" Limitation In Each Of The Asserted Claims ......................................6

            1.    Clark Fails To Apply The Federal Circuit's Construction.........7

      B.    WD Also Cannot Demonstrate Anticipation Or Obviousness By Clear And Convincing Evidence Because Clark Does Not Analyze How The Corresponding Structure Performs The Recited Function .....................................8

      C.    SPEX Is Entitled To Partial Summary Judgment Of No Invalidity Because What Clark Labels The "Fortezza Card" and "Lynks Card" Are Actually Different Products or Versions, From Different Companies, From Different Times, That Were Constructed And Operated Differently, And Thus Are Not Single Prior Art References ....................................11

      D.    WD Cannot Show By Clear And Convincing Evidence That The Asserted Claims Are Invalid Due to Derivation .................................16

      E.    WD's Written Description Argument Fails As A Matter Of Law......17

VI.   CONCLUSION.....................................................................................17

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

TABLE OF AUTHORITIES                                                                PAGE

**Cases**

*Advanced Display Systems, Inc. v. Kent State University*,
212 F.3d 1272 (Fed. Cir. 2000)........................................................5

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)........................................................4

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)........................................................4

*Cordis Corp. v. Boston Sci. Corp.*,
658 F.3d 1347 (Fed. Cir. 2011)........................................................8

*Cumberland Pharm. Inc. v. Mylan Institutional LLC*,
846 F.3d 1213 (Fed. Cir. 2017)........................................................16, 17

*CytoLogix Corp. v. Ventana Med. Sys., Inc.*,
424 F.3d 1168 (Fed. Cir. 2005)........................................................5

*Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*,
292 F.3d 1363 (Fed. Cir. 2002)........................................................8

*KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398 (2007)........................................................15

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
545 F.3d 1340 (Fed. Cir. 2008)........................................................12, 15

*Liquid Dynamics Corp. v. Vaughan Co.*,
449 F.3d 1209 (Fed. Cir. 2006)........................................................8

*Microsoft Corp. v. Biscotti, Inc.*,
878 F.3d 1052 (Fed. Cir. 2017)........................................................12, 15

*Microsoft Corp. v. i4i Ltd. Partnership*,
131 S.Ct. 2238 (2011)........................................................4

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
545 F.3d 1359 (Fed. Cir. 2008)........................................................12, 15

*SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*,
225 F.3d 1349 (Fed. Cir. 2000)........................................................5

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
726 F.2d 724 (Fed. Cir. 1984)........................................................12, 15

**Statutes**

35 U.S.C. § 102 ........................................................1, 4, 16

35 U.S.C. § 102(a)........................................................4

RUSS, AUGUST & KABAT

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

TABLE OF AUTHORITIES                                                       PAGE

35 U.S.C. § 103 ..................................................................................................4, 5

35 U.S.C. § 282 ....................................................................................................4


**Rules**

FED. R. CIV. P. 56(a) ...........................................................................................4

FED. R. CIV. P. 56(c)(1)(A) .................................................................................4

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPEX'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY

### I.    STATEMENT OF THE ISSUES TO BE DECIDED

1.    Whether SPEX is entitled to summary judgment that WD has not shown the Asserted Claims are invalid under Sections 102 or 103 based on prior art.

2.    Whether SPEX is entitled to summary judgment that WD has not shown the Asserted Claims are invalid due to derivation.

3.    Whether SPEX is entitled to summary judgment that WD has not shown the Asserted Claims are invalid for failure to comply with the written description requirement.

### II.    INTRODUCTION

SPEX Technologies, Inc. ("SPEX") accuses Western Digital Corporation, Western Digital Technologies, Inc., and HGST, Inc. (collectively, "WD") of infringing claims 6, 7, and 25 (the "Asserted Claims") of U.S. Patent No. 6,088,802 (the "'802 patent"). SPEX is entitled to summary judgment on the following three grounds: (1) WD cannot establish a genuine dispute of invalidity under Sections 102 or 103 because (a), for all of its asserted prior art, its invalidity expert (Paul Clark) failed to adhere to the construction of the recited function for the "means for providing ..." limitation of the claims, and (b) he failed to show the required structure of "memory section 612a" in the prior art, and (c), for certain prior art references, he impermissibly cobbles together different systems, products, documents and versions into supposedly single prior art devices with nothing but his conclusory opinion that they all refer to the same thing; (2) WD cannot establish a genuine dispute for its derivation defense because it is dependent on a showing that the "Fortezza card" prior art anticipates the Asserted Claims, which WD cannot show for the reasons stated in ground (1); and (3) although the Court previously rejected it (Dkt. No. 159 at 20-22), WD inexplicably continues to assert its written description defense but, after the Court's summary judgement, WD cannot establish a genuine dispute for

continuing to assert this defense.

First, WD's invalidity defense fails because it has no evidence actually applying the required claim construction to the prior art. The Federal Circuit construed the "means for providing" limitation to require "the claimed function of (1) **providing to the host computing device information regarding the function of the target means** *in response to* (2) *a request from the host computing device for information regarding the type of peripheral device*," and the corresponding structure of "memory section 612a." Dkt. No. 167 at 12-14 (emphases added). That required function comes directly from the express language of the Asserted Claims: "means for **providing to a host computing device**, *in response to a request from the host computing device for information regarding the type of the peripheral device*, **information regarding the function of the target means**." *E.g.*, Ex. 1[1] at claim 6 (emphases added). And the parties acknowledged and agreed to adhere to the Federal Circuit's construction, as they memorialized in their submission to this Court in their Joint Rule 26(f) reports. Dkt. No. 177 at 13; Dkt. No. 206 at 6.

Nevertheless, Clark unbelievably asserted that "there has been no construction," and opted instead to apply two different interpretations of the required function for the "means for providing" limitation, and a different required structure as well. *E.g.*, Ex. 2 at 57:17; *see also id.* at 58:15-17 ("I have my own opinion as to what is required to meet that functionality."). For his first interpretation of the required function as crafted in his expert report, he required functionality whereby "identifying information is returned in response to a request for that identifying information." Ex. 3 at 56. Then during deposition, he formulated an entirely different, and new, function requirement of, at least, "a replacement of peripheral device information with target function." Ex. 2 at 9:19-21. And for the required structure, he required "memory [that] must be separate from the peripheral device."

_____

[1] Exhibits are attached to the Declaration of Andrew D. Weiss supporting this Motion, filed concurrently.

RUSS, AUGUST & KABAT

*Id.* at 154:7-15 ("Q. And by separate, you mean it's not on the physical Fortezza card, for example? A. Right."). Because Clark did not apply the proper claim construction, his invalidity analysis is critically flawed, leaving WD with no admissible evidence to meet its burden to establish invalidity.[2]

Second, WD's derivation defense also fails because it is dependent on WD's argument that the "Fortezza card" prior art anticipates the Asserted Claims. But because WD cannot make this showing, SPEX is entitled to summary judgment as to WD's derivation argument.

Finally, the Court has already rejected WD's written description argument supported by Clark's opinion. Dkt. No. 159 at 20-22. Inexplicably, WD continues to assert the same argument based on the same opinion. WD's written description argument must therefore fail.

## III. LEGAL STANDARDS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2] Clark's testimony is untethered to the facts and rulings in this case because he has no idea of what is going on. He admitted he did not write his report, could identify no section he actually wrote, could not identify all of the actual authors of his reports or even the people involved, had no way to even tell if his report at deposition was the complete report, unbelievably thought the claim charts attached to his supplemental report had not changed from the charts in his original report even though the asserted claims are entirely different, and, even in an attempt to save face, could only describe his reports as a "collaborative" effort with some unknown group of unnamed and mysterious co-authors. *See* Ex. 2 at 7:9-12, 7:19-8:7, 63:22-24, 64:6-16, 64:24-65:11, 65:16-66:8, 69:1-77:22, 113:4-16, 114:3-115:9. He even blindly stands by all the opinions in the reports, even those that have already been rejected by the Court, such as WD's written description defense, and his assertion that he picked all the evidence in his charts, even though all the evidence is identical, and even in the same order, as the evidence in WD's invalidity contentions, which he admitted he had no role in. *Id.* His involvement in this case is frankly a sham and his reports should have been withdrawn.

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."). A fact is "material" only if it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Likewise, a dispute as to a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.* The question is "whether a jury could reasonably find *either* that the [moving party] proved his case by the quality and quantity of evidence required by the governing law *or* that he did not." *Id.* at 254. Accordingly, once the moving party establishes a prima facie case, the burden shifts to the nonmoving party to set forth specific facts by "citing to particular parts of materials in the record" showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c)(1)(A); *see also Anderson*, 477 U.S. at 250.

## B.   Invalidity Standard

Patent claims are presumed valid. 35 U.S.C. § 282. A defendant must prove invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S.Ct. 2238, 2242 (2011).

Invalidity under 35 U.S.C. § 102(a)[3] requires a showing that "the invention was known or used by another in this county, or . . . described in a printed publication in this or a foreign country, before the invention of the patent thereof." Invalidity for anticipation based on a printed publication "requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1282 (Fed. Cir. 2000).

---

[3] Because of the priority date of the patent-in-suit, this case is governed by the pre-AIA versions of 35 U.S.C. §§ 102 and 103.

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

Invalidity under 35 U.S.C. § 103(a) applies only "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art."

"The first step in any invalidity analysis is claim construction." *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000). Accordingly, the party asserting invalidity must demonstrate that the prior art discloses, or renders obvious, the claimed limitations as construed. *See also CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1176 (Fed. Cir. 2005) ("obviousness [must be determined] under the correct claim construction").

## IV.    THE PRIOR ART AT ISSUE IN THIS MOTION

In support of their invalidity arguments, WD served an expert report ostensibly attributed to Clark. The prior art relied on in the report is summarized below.

"Fortezza Card Products": The Fortezza Card Products refer to a collection of products of various versions and features that resulted from a government program in the first half of the 1990s. Dkt. No. 112-13 at 76:8-22. The Fortezza Card Products were designed to act as an encryption and authentication tool for the government's new electronic message system called the "Defense Messaging System." *Id.*[4] What WD and Clark refer to as the "Fortezza Card Products" actually refers to a variety of different Fortezza-branded products and proposals. Clark improperly relies on a compilation of multiple products, specifications, and website descriptions as one reference. This Motion refers to the Fortezza related art asserted by Clark as "Fortezza Card Product" prior art.

---

[4] There was also a Fortezza-branded product called Fortezza Plus. It is a completely different product, geared towards classified information. Dkt. 112-13 at 84:13-24, 151:23-152:13, 157:16-157:25; Dkt. No. 112-14 at 119:21-120:7.

RUSS, AUGUST & KABAT

"Fortezza Specifications": The Fortezza documents include two documents referred to as "Fortezza NSA" and "Fortezza Spyrus." Dkt. No. 112-4 at ¶¶107, 111. This Motion will refer to the Fortezza NSA and Fortezza Spyrus documents together as the "Fortezza Specifications." Clark's Fortezza Card Products include the Fortezza Specifications as well as documents about multiple other products and proposals.

Lynks card: The reference referred to as the Lynks card by Clark is also a compilation of products sold under the Lynks brand that were sold by SPEX's sister company, Spyrus, Inc. Dkt. No. 112-19 at 1.

Clark testified that he does not differentiate between the Lynks card and various Fortezza-related references. *See, e.g.*, Dkt. No. 109-2 at 203:20-25. In other words, he does not differentiate between them for purposes of his invalidity opinions.

Patent Prior Art: WD identifies three purported invalidating patent prior art references:  (1) Harari is U.S. Patent No. 5,887,145; (2) Guy is U.S. Patent No. 5,615,262; and (3) Levy is U.S. Patent No. 5,748,744.

## V.    ARGUMENT

### A.    SPEX Is Entitled To Summary Judgment On WD's Prior Art Defenses Because WD Cannot Show The Prior Art Discloses The "Means For Providing" Limitation In Each Of The Asserted Claims

WD cannot establish prior art invalidity by clear and convincing evidence because WD lacks any evidence that the prior art discloses the "means for providing" limitation as construed by the Federal Circuit and adopted by the parties.

The construction of the "means for providing" limitation was resolved by the Federal Circuit prior to remand. The Federal Circuit found that the "means for providing" limitation has "the claimed function of (1) providing to the host computing device information regarding the function of the target means in response

RUSS, AUGUST & KABAT

to (2) a request from the host computing device for information regarding the type of peripheral device," and a corresponding structure of "memory section 612a." Dkt. No. 167 at 12-14. As a result, on remand, the parties acknowledged that the Federal Circuit's construction controls, adopting it as the agreed-upon construction in their Joint Rule 26(f) Report to this Court. Dkt. No. 177 at 13; Dkt. No. 206 at 6.

### 1.   Clark Fails To Apply The Federal Circuit's Construction

Despite the Federal Circuit's ruling and the parties' agreement to apply that ruling, Clark takes the position that no Court has ever made any ruling regarding the recited function,[5] and he therefore is free to apply his own construction. Ex. 2 at 52:17-53:1. For every prior art reference, Clark then applies his own version of the required function, to instead require that "identifying information is returned in response to a request for that information." Ex. 4 at pages 46, 51, 55-56, 60-61, 65-66, 70, 75; Ex. 3 at 56; Ex. 5 at 71; Ex. 6 at 86; Ex. 7 at 70; Ex. 8 at 15; Ex. 9 at 19; Ex. 10 at 12. In other words, Clark purportedly analyzed the prior art by looking for (1) a request for information, and (2) an indication that the requested information is provided.

At deposition, Clark then asserted a different and new formulation to instead require at least a so-called "replacement" function. *E.g.*, Ex. 2 at 9:17-10:7 (testifying to his opinion that the recited function requires "a replacement of peripheral device information with target function"). And this despite the fact that the report does not mention any version of this new construction, referring to the word "replace" in only one instance, or analyze how the prior art invalidates under his new construction of the recited function of the "means for providing' limitation.

---

[5] In addition to being contrary to the face of the Federal Circuit's opinion, WD and Clark's position also defies logic in that a means-plus-function analysis requires an identification of the recited function prior to analyzing the corresponding structures in the specification.

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

But under either of his own formulations of the construction of the "means for providing" limitation, Clark indisputably does not utilize the applicable claim construction. The construction used by Clark in the report neither requires a request for "information regarding the type of **_peripheral device_**" from a host computing device nor does it require the peripheral device to respond with "data regarding the **_target functionality_**." And while the metes and bounds of Clark's new-at-deposition "replacement" function is unknown, it at least includes limitations about replacement, timing, and other limitations that are not reflected in the Federal Circuit's construction or the actual claim language. *See* Ex. 2 at 80:1-84:2.

Because Clark did not apply the Federal Circuit's construction, and because WD has no other admissible evidence supporting its prior art invalidity defenses, WD cannot show by clear and convincing evidence that prior art discloses the 'means for providing" limitation. SPEX is therefore entitled to summary judgment of no anticipation or obviousness as to all of WD's prior art theories (the Fortezza Card Products, the Fortezza Specifications, the Lynks card, and the Harari, Levy, and Guy patents). *See, e.g., Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (holding that the district court did not err in excluding expert testimony inconsistent with the court's claim construction ruling); *Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357 (Fed. Cir. 2011) ("we must disregard the testimony of Cordis's expert…because…that testimony was based on an incorrect understanding of the claim construction"); *see also Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1375 (Fed. Cir. 2002) (disregarding testimony using an incorrect interpretation of the claims).

## B.    WD Also Cannot Demonstrate Anticipation Or Obviousness By Clear And Convincing Evidence Because Clark Does Not Analyze How The Corresponding Structure Performs The Recited Function

Regardless of the construction of the recited function applied by Clark, SPEX

RUSS, AUGUST & KABAT

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

is also entitled to summary judgment because Clark does not analyze how the applicable corresponding structure ("memory section 612a") performs the recited function in any of his cited prior art references.

In his report, for the Lynks card, the Fortezza Card Products, the Fortezza Specifications, Guy, and Levy, Clark offers no opinion about memory section 612a at all. Ex. 4 at pages 46-47, 51, 56, 61, 70, 75. For Harari, Clark opines that "identifying information" is stored in "memory" but does not cite any supporting evidence or identification of what "memory" he is referring to, or how the unidentified memory performs the recited function. Ex. 4 at page 66. Clark's exhibits (which supposedly contain his actual analysis) disclose virtually identical language for Harari, Guy, and Levy (Ex. 8 at 15, Ex. 9 at 20, Ex. 10 at 12) followed by block quote citations without any analysis or explanation (Ex. 8 at 15-20, Ex. 9 at 20-21, Ex. 10 at 13-15). For the Lynks card, the Fortezza Card Products, and the Fortezza Specifications, Clark adds a vague reference to "identifying information stored in memory" but does not identify what memory he is referring to, or provide analysis or explanation as to how the "memory" performs the recited function. Ex. 3 at 56-69, Ex. 5 at 71-85, Ex. 6 at 86-97, Ex. 7 at 70-75.

For each of these references, Clark does not identify where they disclose "memory section 612a" and he fails to explain how the unidentified "memory section 612a" performs the recited function. Indeed, for Guy and Levy, Clark does not even opine the references disclose the use of a memory for "identifying information" at all. And for the other references, Clark offers nothing more than conclusory opinions about a "memory" without providing analysis or explanation as to how the evidence purportedly supports his conclusion. He does not explain where the vague "memory" is disclosed in each reference or how the references disclose the "memory" performing the recited function (including identifying the host request or analyzing how the responsive information from "memory section" discloses the function of the target means).

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

Russ, August & Kabat

RUSS, AUGUST & KABAT

Clark also does not offer an obviousness opinion regarding the corresponding structure, instead only offering opinions regarding purported obviousness relating to what he considered was the required function. Ex. 3 at 69; Ex. 5 at 85; Ex. 6 at 97; Ex. 7 at 74-75; Ex. 8 at 19; Ex. 9 at 21; Ex. 10 at 12-13; *see also* Ex. 11 at 6 (Clark's obviousness "appendix" also contains no analysis; the only descriptive text, the section title, does not mention corresponding structure).

Nor is it even clear that Clark applied the Federal Circuit's corresponding structure in his argument. At deposition, Clark repeatedly testified that "memory section 612a" is not "on the peripheral device itself." Ex. 2 at 21:3-20; *see also id.* at 151:23-154:22 (testifying that "memory section 612a" "cannot be on the peripheral device," including the Fortezza Card Products, Lynks card or any other peripheral device in his cited references). Clark is completely wrong. Memory section 612a is illustrated in Figure 6 from the '802 patent:



FIG. 6

Memory section 612a is a portion of memory 612, which is on peripheral device 602. Ex. 1 at 6:19-45. Accordingly, even if Clark had included evidence and analysis of the "memory" he relied on, it could not be "memory section 612a" because he admitted to only looking for memory that is not "on the peripheral device itself."

SPEX anticipates WD may argue in its response that some of the evidence block quoted by Clark demonstrates disclosure of "memory section 612a." But any such arguments would be nothing more than attorney argument unsupported by

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

expert testimony and should be disregarded. Clark admittedly did not look for "memory section 612a," and instead looked for memory outside of the peripheral device. *See* Ex. 2 at 21:3-20, 151:23-154:22.

WD might also attempt to rely on Clark cross-referencing a previous portion of his report. *E.g.*, Ex. 3 at 56. However, Clark does not opine that this previous section discloses his opinion regarding the corresponding structure of "means for providing." Rather, he opines that an "***interaction*** is summarized above in connection with element [e] of Claim 6." *Id.* (emphasis added). Moreover, even if this reference were sufficient to disclose an opinion identifying "memory section 612a," it would not address the problem that Clark does not explain how this "memory section 612a" enables the required function.

Accordingly, because of Clark's lack of proper analysis of the required structure for the means for providing limitation, WD cannot show by clear and convincing evidence that the Asserted Claims are invalid, and SPEX is entitled to summary judgment of no anticipation and no obviousness as to the Fortezza Card Products, the Fortezza Specifications, the Lynks card, Harari, Levy, and Guy.

**C.     SPEX Is Entitled To Partial Summary Judgment Of No Invalidity Because What Clark Labels The "Fortezza Card" and "Lynks Card" Are Actually Different Products or Versions, From Different Companies, From Different Times, That Were Constructed And Operated Differently, And Thus Are Not Single Prior Art References**

Anticipation requires that all of the elements of a claim be found in a single prior art reference as arranged in the claim. *E.g.*, *Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1069 (Fed. Cir. 2017); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 726 F.2d 724, 726–27 (Fed. Cir. 1984) ("It is hornbook law that anticipation must be found in a single reference, device, or process."). It is not proper to combine multiple products, or even distinct disclosures within a single publication, into a single "reference" to argue anticipation. *E.g.*, *Microsoft*, 878 F.3d

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

at 1069 (the Board "correctly stated that anticipation is not proven by multiple, distinct teachings that the artisan might somehow combine to achieve the claimed invention" (internal quotation marks removed)); *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008) (reversing a district court finding of anticipation because it was improper to combine elements from two different protocol even though they were disclosed in the same reference); *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1351 (Fed. Cir. 2008) (rejecting the use of multiple documents related to a standard because "[t]he different specifications that comprise the GSM standard were authored by different subsets of authors at different times").

Yet, this is precisely what Clark does in rendering his opinions regarding the Fortezza Card Products. There are multiple versions of products from Spyrus and others that bear the "Fortezza" brand name. For example, one version of the Fortezza card had a MYK-82 security chip. Dkt. No. 112-12 at 42:4-13. Another version of the Fortezza card featured a MYK-80 security chip along with other different hardware, software, and firmware features. *Id.* The differences include, for example, the addition of a computer interface on the MYK-82 chip. *Id.* at 73:22-74:3. There also was a product called Fortezza Plus (also known as KOV-12), which is a product that was not produced by Spyrus and was a completely different product designed for a different market (the protection of classified information, as opposed to the protection of unclassified information to which the Spyrus Fortezza cards were designed). Dkt. No. 112-13 at 84:13-24, 151:23-152:13, 157:16-157:25; Dkt. No. 112-14 at 119:21-120:7. There was also a proposal called the Fortezza Multi-Function Card, which was proposed by Spyrus as an evolution of the Fortezza card.[6]

---

[6] Although WD identified the proposal as prior art, WD can point to no evidence of what the Fortezza Multi-Function Card disclosed prior to June 4, 1996, which is the critical date for such prior art given the June 4, 1997 priority date on the face of the patent-in-suit. The only evidence cited by WD is dated after the June 4, 1996 critical

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

*E.g.*, Dkt. No. 112-16 at SPEX00008773 (a July 1996 Statement of Work indicating, in the future tense, that Spyrus was to "design, develop, fabricate, test and deliver a Fortezza Multi-Function Package"). Indeed, Clark even acknowledges that the various Fortezza-branded products have different hardware and features when he notes that "at least certain versions of this processor" purportedly disclose claim element 6[a]. Ex. 4 at page 49.

Clark groups each of these disparate and different products, and in one instance, aspirational proposal, under his "Fortezza card" moniker. Clark includes at least the Fortezza Crypto Card, Fortezza Plus, Fortezza KOV-8, Fortezza KOV-12, Fortezza KOV-14, Fortezza Mosaic, and Fortezza Multi-Function Package proposal in his "Fortezza card" moniker. *E.g.*, Ex. 7 at 1-3, n.1; Dkt. No. 112-2 at 203:20-206:17 (the relevant portion of Clark's chart has not changed since his first deposition). It appears that as long as "Fortezza" was included in the name of the project, Clark lumped it into what he called the "Fortezza card." This is improper as each product/proposal had different hardware, software, and firmware, and did not all work the same. And the Fortezza Multi-Function Card was a proposed (not-yet-existing) evolution of an existing Fortezza card, not a Fortezza card itself.

WD cannot meet its burden to establish that multiple Fortezza-branded products are a single anticipation reference. As described above, they are different products with different features. The only justification apparently put forth by Clark in his opinion is that the "***various version*** [sic] of the Fortezza Card [were manufactured] according to ***various specifications*** set out by DOD." Ex. 7 at 3 n.1 (emphasis added). Clark's opinion is nothing more than his conclusion without

___

date. The Fortezza Multi-Function Card was a proposal for a product that Spyrus wanted to develop in the future, not an existing product. Dkt. No. 112-16 (a letter dated August 1, 1996 attaching a July 19, 1996 Statement of Work); Dkt. No. 112-17 (a collection of documents dated September 27, 1996); Dkt. No. 112-18 (a letter and attachment dated September 24, 1996). Not only was the proposal merely aspirational, but documentation relating to it is dated ***after*** the critical date.

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1   analysis or support. Indeed, it does not even identify a common specification the

2   products were supposedly manufactured towards. Further, even if Clark's

3   conclusory opinion were supported, it would be irrelevant to this analysis. Products

4   manufactured to comply with a certain standard are still different products. For

5   example, it would not be appropriate to combine an Apple iPhone and an Apple

6   wireless mouse into a single reference just because they are manufactured for Apple

7   and comply with the Bluetooth standard. Because Clark fails to identify the actual

8   single purported device he opines is the invalidating Fortezza card, SPEX is entitled

9   to summary judgment of no invalidity as to any arguments related to Clark's

10  Fortezza Card Products.

11          Clark engages in the same conflation with the Lynks card. There were

12  multiple version of the Lynks card, including an original Lynks Privacy Card,

13  International Lynks Privacy Card, EES Lynks Privacy Card, and Lynks-NT Crypto

14  Card. Ex. 3 at 1 (referencing documents from these various products). Each of these

15  cards had different hardware, software, and firmware configurations. Like the

16  Fortezza card, Clark acknowledges that different versions of the different Lynks-

17  branded products had different hardware and features. Ex. 4 at 45 ("at least certain

18  versions of this processor" infringe). Clark, however, cites documents from all of

19  these versions of the Lynks card as if they are describing the same device. Ex. 3 at

20  1. Again, it appears that as long as the document refers to the Lynks brand, Clark

21  included it in his "Lynks card" moniker without explanation or analysis. Because

22  Clark fails to identify the actual device he opines is the invalidating Lynks card,

23  SPEX is entitled to summary judgment as to the Lynks card moniker arguments as

24  well. *See Microsoft*, 878 F.3d at 1069; *Net MoneyIN*, 545 F.3d at 1371;

25  *Studiengesellschaft*, 726 F.2d at 726–27; *Kyocera*, 545 F.3d at 1351.

26          When this issue was briefed previously, WD argued that Clark's obviousness

27  opinion resolved this issue. Clark did not, however, render such an opinion. Clark,

28  for example, does not identify which specific Fortezza- or Lynks-branded products

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

purportedly render the Asserted Claims obvious, how those products would be combined, and why a person of ordinary skill in the art would be motivated to make such a combination. *See, e.g.*, *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415-19 (2007) (describing the proof necessary to substantiate an obviousness defense). Because Clark has taken the position (without analysis or support) that all versions of the "Fortezza Card" and "Lynks Card" are the same, this failure is hardly surprising. WD also argued that the "Fortezza Card" and "Lynks Card" could be single reference obviousness combinations. Again, however, WD's argument is not supported by Clark's report, which contains no such analysis. The fact that Clark's report refers to obviousness does not satisfy WD's burden to show by clear and convincing evidence that the "Fortezza Card" and "Lynks Card" render the Asserted Claims obvious, and it does not establish a genuine dispute of material fact.

WD also argued that Clark's opinions were permissible because he testified at his first deposition that the various documents described the same "system." But this wholly conclusory opinion is not even in the original report, or supplemental report, and Clark admitted at deposition he could not find such an opinion in his original report. *E.g.*, Dkt. No. 121-16 at 82:4-83:2 (testifying that Clark did not know if his opinion was in his report). Moreover, Clark was unable to provide any details regarding his analysis other than to repeat his conclusion. *Id*. Clark's undisclosed, conclusory deposition testimony does not create a genuine dispute of material fact, especially considering that some documents refer to systems and future goals that were never even released or realized.

SPEX is entitled to partial summary judgment of no anticipation by the Fortezza-branded and Lynks-branded prior art because WD has failed to identify any single Fortezza card or Lynks card reference that meets every element of the Asserted Claims.

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUSS, AUGUST & KABAT

### D.   WD Cannot Show By Clear And Convincing Evidence That The Asserted Claims Are Invalid Due to Derivation

In addition to anticipation and obviousness, Clark opines that the Asserted Claims are invalid due to derivation. Ex. 4 at ¶¶ 136-140. Derivation is an argument that arises under section (f) of the pre-AIA version of 35 U.S.C. § 102. This doctrine requires a showing of the ***complete*** conception of the invention by a single purported prior art inventor. *E.g.*, *Cumberland Pharm. Inc. v. Mylan Institutional LLC*, 846 F.3d 1213, 1218 (Fed. Cir. 2017) (derivation requires prior conception and communication of the conception). Indeed, Clark's opinion depends on the assertion that the Fortezza Card Products or Fortezza Specifications anticipate the Asserted Claims. Ex. 4 at ¶ 136 (Clark opining that the "the Fortezza system and associated references constituted a complete conception of the elements of the Asserted Claims (under Plaintiff's apparent claim interpretations)"). As described above, WD cannot show by clear and convincing evidence that the Fortezza Card Products or the Fortezza Specifications disclose the limitations of the Asserted Claims. Clark admits that he did not apply the Federal Circuit's claim construction as to the "means for providing" limitation, and he did not opine as to how the corresponding structure of "memory section 612a" is disclosed by the references. Further, Clark relies on a compilation of documents describing multiple versions of Fortezza-branded products that does not show a complete conception of a single product required for derivation. Accordingly, because WD cannot show that any single Fortezza reference is a complete conception of the invention, SPEX is entitled to summary judgment as to WD's derivation invalidity arguments.

Specific to his derivation opinion, Clark's opinion is also incomplete and should be resolved on summary judgment. Derivation requires a showing that the claimed invention was invented by someone else, and then ***given whole*** to the named inventors on the patent. *Cumberland*, 846 F.3d at 1217-18. Clark has no evidence that the NSA developed the claimed invention in full and simply gave it to Spyrus

(the original owner of the '802 patent). Even taking Clark's opinion in the best light for WD, he simply opines that evidence demonstrates that a version of "Fortezza" (Clark does not indicate which version of "Fortezza" he is referring to) was in development. He cites to no evidence demonstrating the NSA giving the Fortezza Card he describes in his opinion to Spyrus.[7]

Accordingly, SPEX is entitled to summary judgment regarding WD's derivation argument.

### E.    WD's Written Description Argument Fails As A Matter Of Law

Clark offers the same written description opinion he offered prior to appeal. *Compare* Dkt. No. 112-4 at ¶¶133-34 (Clark's original opinion) *with* Ex. 4 at ¶¶ 134-35. The Court has already considered Clark's opinion and granted summary judgment in favor of SPEX. Dkt. No. 159 at 20-22. WD did not appeal this ruling. Accordingly, the Court's ruling of summary judgment remains law of the case and WD's re-urging of Clark's written description should be rejected.

## VI.    CONCLUSION

SPEX is entitled to summary judgment of no invalidity as to claims 6, 7 and 25 because WD cannot provide clear and convincing evidence that any of the purported prior art discloses the "means for providing" claim limitation as construed by the Federal Circuit. Clark repeatedly disclosed in his report that he was not applying the correct construction, and then testified at deposition that he applied a completely different construction that was also different than the correct construction. Clark also failed to provide any analysis demonstrating that any of the references disclose a corresponding structure performing the recited function. SPEX

---

[7] Although outside the scope of this brief, there is also significant evidence that Spyrus was actually heavily involved in the Fortezza development. No Fortezza-branded product was provided in its complete form to Spyrus as is required by the derivation doctrine.

RUSS, AUGUST & KABAT

is also entitled to summary judgment as to WD's derivation because there is no evidence supporting its argument, and SPEX is entitled to summary judgment regarding WD's written description defense because the Court has already granted summary judgement rejecting the very same argument WD re-urges.

Respectfully submitted,

DATED: August 7, 2023                    RUSS, AUGUST & KABAT

                                         _/s/ Benjamin T. Wang_____
                                          Benjamin T. Wang


                                         RUSS, AUGUST & KABAT
                                         Marc A. Fenster, SBN 181067
                                         mfenster@raklaw.com
                                         Benjamin T. Wang, SBN 228712
                                         bwang@raklaw.com
                                         Andrew D. Weiss, SBN 232974
                                         aweiss@raklaw.com
                                         Paul A. Kroeger, SBN 229074
                                         pkroeger@raklaw.com
                                         Adam S. Hoffman, SBN 218740
                                         ahoffman@raklaw.com
                                         Jacob R. Buczko, SBN 269408
                                         jbuczko@raklaw.com
                                         12424 Wilshire Boulevard
                                         Twelfth Floor
                                         Los Angeles, California 90025
                                         Telephone: (310) 826-7474
                                         Facsimile: (310) 826-6991

                                         **Attorneys for Plaintiff**
                                         **SPEX TECHNOLOGIES, INC.**

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

**CERITICATE OF WORD COUNT**

The undersigned hereby certifies that the foregoing document contains 6,163 words, which complies with the word limit of L.R. 11-6.1.

*/s/   Benjamin T. Wang*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on August 7, 2023. As such, this document was served on all counsel who have consented to electronic service.

*/s/ Benjamin T. Wang*
Benjamin T. Wang

230807 MEM P&A MSJ No Invalidity.docx

19

RUSS, AUGUST & KABAT