RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
bwang@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
SPEX TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., HGST, INC.,<br><br>              Defendants. | Case No. 8:16-CV-01799-JVS-AGR<br><br>**PLAINTIFF SPEX TECHNOLOGIES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE ABOUT LEGAL PROCEEDINGS AND THEIR EFFECTS**<br><br>**Hearing:**<br>Date:    November 20, 2023<br>Time:    11:00 a.m.<br>Place:   Courtroom 10C<br>Judge:   Hon. James V. Selna |

This case, first filed in 2016, has a long history. The '802 patent and the parties' various arguments have been subjected to a number of petitions of *inter partes* review, an *ex parte* reexamination, extensive proceedings in front of the Court, including two summary judgment proceedings, trial with respect to another defendant, multiple *Daubert* motions,[1] and multiple Federal Circuit appeals. All of these proceedings have resulted in significant changes to the scope of the case, including the withdrawal of a patent (the '135 patent), the withdrawal of infringement allegations regarding certain claims, confirmation of the validity of certain claims, invalidation of other claims, a finding of non-infringement regarding certain claims and products, and exclusion of some or all of Mr. Bergman's opinions.

If raised at trial, all of these proceedings, and their results, are highly prejudicial to SPEX and confusing to the jury. For example, WD arguing that it has been summarily found to not infringe previously-asserted claims, such as claim 11, could easily be misinterpreted by the jury as an indication that the Court has found that WD does not infringe the Asserted Claims, or at least is evidence supporting such a finding. SPEX would need to spend its limited trial time addressing such implications rather than addressing the actual relevant issues related to infringement, validity, and damages for the Asserted Claims. SPEX, for example, should not be forced to spend its limited trial time explaining the Court's summary judgment ruling regarding the X300S product or how the "means for mediating" was found to be not infringed in previously-asserted claims. In addition to wasting SPEX's limited trial time, the jury may be confused and rely on the Court's previous rulings as support for an erroneous non-infringement ruling of the Asserted Claims. This evidence and related arguments should be excluded. *See, e.g.*, Ex. 1, *TecSec, Inc. v. Adobe Inc.*, No. 1:10-cv-115, at 11-12 (E.D. Va. Nov. 21, 2018) (granting a similar MIL because "dropped or dismissed claims and products" are "unduly prejudicial and confusing

---

[1] Additional *Daubert* motions will be filed concurrently. This MIL applies equally to the results of any motions should they result in the exclusion of additional expert opinions.

to the jury"); *Corning Inc. v. SRU Biosystems*, No. CIV.A. 03-633 JJF, 2005 WL 2465900, at *2-3 (D. Del. Oct. 5, 2005) (granting a MIL excluding evidence about a dropped patent).

As another example, reference to the fact that certain opinions of Mr. Bergman's were excluded would be highly prejudicial and lack any probative value. The jury should consider the information it is presented to determine the appropriate measure of damages. Though not relevant, the jury being informed that SPEX had additional evidence that was excluded would be highly prejudicial. It could suggest to the jury, *inter alia*, that the Court has already made a ruling regarding the measure of damages SPEX is entitled to, or has called into doubt the credibility of SPEX's evidence or arguments.

The parties are in agreement regarding some aspects of this MIL, particularly with respect to legal proceedings that have not benefitted WD. For example, WD agrees that the *ex parte* reexamination of the '802 patent that resulted in the PTO upholding the validity of the Asserted Claims and rejecting WD's argument that the Harari patent invalidates the Asserted Claims, the same argument it continues to bring, should be excluded. WD, however, refused to stipulate to this MIL, particularly with respect to the Court's summary judgment rulings.

WD raised two examples where it believes it should be permitted raise arguments about the Court's previous non-infringement ruling. First, WD argues that if any of SPEX's witnesses discuss the scope or benefits of the '802 patent, WD should be able to argue that it has been found not to infringe certain non-asserted claims. As explained above, these arguments would be highly prejudicial, confusing to the jury, and a waste of time. To be clear, if SPEX were to raise arguments that bear on features or benefits WD believes are not claimed in the Asserted Claims, WD could argue the feature or benefit is captured in a different, unasserted claim. But WD should not be able to argue that any such claim was previously asserted, found not infringed, or found to be invalid. Such an argument has no bearing on any issue regarding the Asserted Claims and should be excluded.

WD's second argument is related to willfulness. While SPEX intends to present evidence of WD's own knowledge of the '802 patent since at least 2003 and its intentional (or at least willfully blind) decision to infringe the patent, SPEX also intends to offer evidence about the relationship between Spyrus (the owner of the '802 patent at the time) and SanDisk in 2007, including SanDisk's efforts in trying to acquire and/or enforce the patent, and the fact that SanDisk is now owned by WD. In rebuttal, WD has informed SPEX that they intend to bring an argument based on the Court's recent summary finding of non-infringement by the X300S product. That one product was found non-infringing, however, bears little to no relevance to SPEX's willfulness claim that WD has known of the '802 patent through various means and nevertheless infringed the patent.

Moreover, WD should be precluded from relying on the Court's 2023 non-infringement ruling as evidence of its subjective intent in 2015, one year prior to SPEX's Complaint being filed. The willfulness analysis requires the jury to analyze the subjective intent of WD "at the time of the challenged conduct." *Halo Elec., Inc. v. Pulse Elec., Inc.*, 136 S. Ct. 1923, 1932-33 (2016). In *Halo*, the Supreme Court rejected the objective intent prong of the willfulness test because it made dispositive the reasonableness of a defense a trial even where the infringing "did not act on the basis of the defense or was even aware of it." *Id.* at 1933 (holding an objective intent test emphasized an "attorney's ingenuity" over actual intent of the infringer). WD's reliance on events occurring well after its intent was formed in 2015 is directly contrary to *Halo*. *See also, e.g.*, Ex. 1, *TecSec*, No. 1:10-cv-115, at 11-12 (citing *Halo*, 136 S. Ct. at 1932-33) ("The dropped or dismissed claims and products are irrelevant to Adobe's culpability at the time of the challenged conduct and they are also unduly prejudicial and confusing to the jury."); Ex. 2, *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, at 4-5 (E.D. Tex. March 31, 2010) (granting plaintiff's motion *in limine* to exclude reference to previously-asserted claims that have been dropped and rejecting defendants' arguments that the withdrawal of claims are relevant to willfulness because "[o]n balance, the Court

1   agrees … that permitting 'sideshow' litigation about dropped claims and

2   instrumentalities would cause undue prejudice, jury confusion, and waste of time.").

3   It is also irrelevant because willfulness addresses the products or conduct that the

4   jury has found infringing, not products or conduct that have been found to be

5   infringing. And even assuming the non-infringement ruling regarding the X300S

6   product had any minimal relevance to willfulness, the prejudice and confusion far

7   outweighs its admission.

8       To be clear, nothing about this MIL precludes WD from presenting evidence

9   demonstrating its good faith belief of non-infringement or invalidity between 2003

10  and 2015. SPEX is not familiar with any such evidence in the record but, if SPEX is

11  mistaken, WD should be able to rely on such evidence. WD should, however, be

12  precluded from relying on events that occurred many years after it formed its intent

13  to infringe. Such evidence has no bearing on willfulness, and would only cause

14  undue prejudice, jury confusion, and waste time. Fed. R. Evid. 403.

15      Accordingly, the Court should grant SPEX's MIL No. 1. The Court should

16  preclude all arguments about (1) past IPRs, EPR, summary judgement, *Daubert*

17  motions, appeals, and the Apricorn trial, and (2) their results (including dropped

18  claims, invalidated claims, non-infringement, invalidity, and excluded expert

19  opinions).

20

21                          Respectfully submitted,

22  DATED: August 7, 2023      RUSS, AUGUST & KABAT

23

24                          */s/ Benjamin T. Wang*
                            RUSS, AUGUST & KABAT
25                          Marc A. Fenster, SBN 181067
26                          mfenster@raklaw.com
                            Benjamin T. Wang, SBN 228712
27                          bwang@raklaw.com
                            Andrew D. Weiss, SBN 232974
28                          aweiss@raklaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Paul A. Kroeger, SBN 229074
pkroeger@raklaw.com
Adam S. Hoffman, SBN 218740
ahoffman@raklaw.com
Jacob R. Buczko, SBN 269408
jbuczko@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
SPEX TECHNOLOGIES, INC.

1

## CERITICATE OF WORD COUNT

2      The undersigned hereby certifies that the foregoing document contains 1,314

3  words, which complies with the word limit of L.R. 11-6.1.

4

5                                                          */s/  Benjamin T. Wang*

6

## CERTIFICATE OF CONFERENCE

7      This motion is made following the conference of counsel pursuant to L.R. 7-

8  3 which took place on October 16, 2023, in which WD informed SPEX it opposed

9

10  the requested relief.

11                                                          */s/ Benjamin T. Wang*

12

## CERTIFICATE OF SERVICE

13      The undersigned hereby certifies that the foregoing document was filed

14

15  electronically in compliance with Local Rule CV-5(a) on October 23, 2023. As such,

16  this document was served on all counsel who have consented to electronic service.

17

18                                                          */s/ Benjamin T. Wang*

19

20

21

22

23

24

25

26

27

28