RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
bwang@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
SPEX TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., HGST, INC., <br><br> Defendants. | Case No. 8:16-CV-01799-JVS-AGR <br><br> **SPEX TECHNOLOGIES, INC.'S OPPOSITION TO WESTERN DIGITAL'S *EX PARTE* APPLICATION FOR STAY OF EXECUTION OF JUDGMENT UNDER FED. R. CIV. P. 62** <br><br> No Hearing Noticed <br> Judge: Hon. James V. Selna |

**SPEX'S OPPOSITION TO WD'S *EX PARTE* APPLICATION FOR STAY OF EXECUTION OF JUDGMENT UNDER FED. R. CIV. P. 62**

The Court entered judgment against WD, awarding SPEX $552,727,428.00 in compensatory damages and pre-judgment interest from and against WD. D.I. 611. That Court-ordered obligation is completely unsecured. But the law protects judgment holders, like SPEX, from risk of default by the debtor by requiring that WD provide security or prove to the Court that no security is necessary. WD has done neither. It has posted no bond. It has offered no other security. And it has offered **no proof** that there is no risk to SPEX. Its only "offer" is an unsworn attorney assertion that WD "has the ability to pay the judgment." D.I. 630 at 6. That statement is worthless. And it is especially insignificant in light of the fact that WD faces another judgment of similar magnitude, has announced a restructuring that will divest certain operations and financials, stated in a January 30, 2025, SEC filing that it is declining to accept any accounting liability for the SPEX judgment, and has provided no verifiable assurances that it in fact has the ability to pay the judgment.

While it is true that SPEX previously considered waiving a bond, no stipulation was ever filed and SPEX ultimately reconsidered. WD argues that change necessitates its request for emergency relief. But SPEX is not seeking to immediately enforce judgment, and told WD it would provide advance notice before taking such action. At this time, SPEX seeks only some assurance that WD will be able to satisfy its obligations, **which WD has never offered to provide or even offered to discuss**. Whether that means a bond, some other security, or something else satisfactory is a discussion that SPEX invites and should be entitled to. But the current status quo, of leaving SPEX completely unprotected and uninsured, is untenable, and an improper attempt to shift the risk from the judgment debtor to the judgment holder.

Unexpected things happen. Whole neighborhoods and businesses can disappear in an instant. WD's refusal to minimize risk, and to instead place it all on SPEX is improper. WD's *ex parte* application should be denied.

## I. THE COURT SHOULD NOT ORDER AN UNSECURED STAY

Rule 62(a) automatically stays execution of a judgment for 30 days after entry

1

of the judgment. Any further stay of execution may be accomplished by the judgment debtor obtaining a "bond or other security." FED. R. CIV. P. 62(b). WD feels it need not obtain a "bond or other security" but should receive a stay of execution nonetheless under the Court's discretion.

There is no evidence that WD has taken any steps to ensure it can satisfy the judgment. During trial, WD represented to the Court that the damages sought by SPEX were "in a very expensive zone for a public company," suggesting that the damages would have a serious impact on WD's bottom line. Wang Decl. Ex. 1 at 9:17-19. Despite the damages being "in a very expensive zone," WD appears to have done nothing to ensure that it can satisfy the judgment. To the contrary, WD's recent 10-Q informed its shareholders that it "**has not** accrued a liability as a result of the jury verdict." Wang Decl. Ex. 2 at 38 (emphasis added). Further adding uncertainty to WD's ability to satisfy the judgment is the fact that it is in the middle of substantial corporate reorganization that could severely impact its balance sheet. In particular, WD is seeking to split the company into two separate companies (one for "HDD" products and one for "Flash" products). *E.g.*, Wang Decl. Ex. 3 (https://finance.yahoo.com/news/western-digital-announces-company-separation-133000081.html). SPEX has no visibility into WD's reorganization, including when it will actually occur, which new company will be responsible for satisfying the judgment or whether it will be split between the new companies, or whether the new company (or companies) would be sufficiently capitalized to cover the judgment. Adding yet further to SPEX's uncertainty is the currently-pending $389 million judgment in the MR Tech litigation against WD. Wang Decl. Ex. 2 at 38.[1]

These concerns, as well as general instability in both the US and international

---

[1] WD has recognized an "aggregate liability for [MR Tech.] of $384 million with $291 million." It is not clear why WD has recognized liability for the MR Tech judgment but has not done so for the SPEX judgment. The disparity, however, further supports SPEX's concerns about WD's ability to pay the judgment when it is enforced.

2

**SPEX'S OPPOSITION TO WD'S *EX PARTE* APPLICATION FOR STAY OF EXECUTION OF JUDGMENT UNDER FED. R. CIV. P. 62**

markets, led SPEX to seek assurances from WD that it would in fact be able to satisfy the judgment. But even now, in this application, WD provides no such assurances or any other evidence to support its ability to pay. According to WD, SPEX should simply trust that it will be able to satisfy any judgment because the "risk of non-performance by WD" is "nonexistent." D.I. 630 at 7 ("nor did Western Digital have any reason to believe it should affirmatively give assurance, because, in addition to there being no serious doubt about Western Digital's capability"). Its refusal to provide the assurances sought by SPEX, its representations to its shareholders, and its current unknown stability all suggest that SPEX's concerns need to be addressed.

The majority of WD's application discusses SPEX's original tentative agreement to stay execution pending resolution of the post-trial briefing. No final agreement was ever reached, however. And as detailed above, SPEX had good reason to reconsider after reviewing WD's January 30, 2025 SEC filing disclosing its intent to not accept liability for the judgment. *See* Wang Decl. Ex. 2 at 38.

Substantively, WD argues that the *Dillion* factors "tip strongly in favor of a discretionary stay without security." D.I. 630 at 6. But WD provides nothing but unsupported attorney argument even though it bears the burden to support its requested relief. WD's argument is that it is a "well-established, publicly traded company" and is therefore entitled to an unsecured stay has no merit. *Id.* Even a more well-established company, Google, has been denied a waiver of the bond requirement and for an amount more than twenty-times smaller than that at issue here ($20,000,000). *Ecofactor, Inc. v. Google, LLC*, C.A. 6:20-cv-00075 (ADA), D.I. 287 (W.D. Tex. Dec. 5, 2022).

WD acknowledges that it should have included evidence to support its argument but, instead of gathering the evidence, it excuses its failure by arguing that it "had no time to prepare a declaration" in its rush to the Court. WD's strategic choice to rush to Court, which was unjustified as addressed below, is not an excuse for failing to gather evidence to support its own argument.

3

**SPEX'S OPPOSITION TO WD'S *EX PARTE* APPLICATION FOR STAY OF EXECUTION OF JUDGMENT UNDER FED. R. CIV. P. 62**

WD is also not correct in its attorney assertion that the *Dillion* factors "tip strongly" in favor of a stay. The first factor, the complexity of the collection process, favors the need for a secured stay. WD is in the process of splitting up, and SPEX has no visibility into which entity will be responsible for satisfying the judgment and what the assets of the entity will be. WD could split liability between the two entities, which would greatly increase the complexity of collection. The third and fourth factors, which addresses confidence in WD's ability to pay, also favors security for the reasons addressed above. There are significant questions about WD's new entities, and WD's refusal to submit any evidence of viability raises further concerns about WD's ability to satisfy the judgment. WD has failed to show that the *Dillion* factors support an unsecured stay.

WD also cites to *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. 11-cv-3397, 2017 WL 11643347, at *3 (C.D. Cal. June 30, 2017) to argue "there is no risk or prejudice to SPEX" from a stay. D.I. 630 at 5-6. **Kaneka acknowledges that "[t]ypically, an unsecured stay is disfavored."** 2017 WL 11643347, at *2 (emphasis added). The court then analyzed the *Dillion* factors to find that an unsecured stay was appropriate in that case because the defendant had presented evidence that its "assets are close to 20 times the amount of the monetary award" and there was "no evidence or argument that casts doubt on [defendant's] ability to pay the Judgment." *Id.* at *2-3. Here, WD has come forward with no such evidence, let alone a showing of assets amounting to 20 times the judgment.

## II.  SPEX HAS NOT DEMANDED THAT WD OBTAIN A BOND

Rule 62 allows for WD to obtain a "bond or other security" for a stay to be provided. SPEX has never demanded that WD obtain a bond or incur the costs associated with a bond. SPEX is amenable to considering other forms of security, which could be cheaper or easier to obtain. To date, as far as SPEX is aware, WD has declined to consider any alternatives. As WD appears to represent in its application, it has only considered the time and expense associated with a bond. WD

does not explain why it has not considered other types of securities.

## III. WD'S "ALTERNATIVE" REQUEST FOR AN UNSECURED 90-DAY STAY SHOULD ALSO BE DENIED

WD alternatively requests that, if its unsecured stay is denied, that WD be given 90 days to obtain a bond. D.I. 630 at 6. WD again provides no reason why the Court should do so. 90 days is triple the amount of time of the automatic stay under Rule 62, well more than should be necessary to obtain a "bond or other security" if WD's financial state is as solid as its attorney representations suggest. The Court should decline WD's alternative relief for the same reasons as its primary relief.

## IV. WD SHOULD HAVE FILED ITS APPLICATION AS A REGULAR MOTION

"Ex Parte applications are for extraordinary relief only." https://www.cacd.uscourts.gov/honorable-james-v-selna at ¶ 6. In order to justify such an application, WD must demonstrate that it addresses an emergency requiring immediate action. *E.g.*, *MR Tech., GMBH v. Western Digital Tech., Inc.*, 8:22-cv-01599-JVS, D.I. 61 at *1, April 7, 2023 (internal quotations and alterations omitted). Contrary to the argument in the application, SPEX never suggested to WD that it intended to enforce the judgment immediately after the automatic stay expired. To the contrary, SPEX informed WD that it had no plans to immediately enforce the judgment and agreed to provide "advance notice before seeking to enforce judgment." Rosenberg Decl. Ex. F at pg. 37. Rather than acknowledge SPEX's agreement, WD counterfactually argues that it needed to "ensure SPEX does not commence enforcement proceedings as soon as February 8," a Saturday. D.I. 630 at 6. WD's argument is simply pretext, and does not justify emergency relief.

WD's improper use of the *ex parte* application process is another reason to deny WD's application.

<a>

|   |   |
|---|---|
| | Respectfully submitted, |
| DATED: February 7, 2025 | RUSS, AUGUST & KABAT |
| | */s/ Benjamin T. Wang* |
| | Benjamin T. Wang |

RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
bwang@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
Paul A. Kroeger, SBN 229074
pkroeger@raklaw.com
Adam S. Hoffman, SBN 218740
ahoffman@raklaw.com
Jacob R. Buczko, SBN 269408
jbuczko@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

**Attorneys for Plaintiff
SPEX TECHNOLOGIES, INC.**

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document contains 1,759 words, which complies with the word limit of L.R. 11-6.1.

By: /s/ *Benjamin T. Wang*
Benjamin T. Wang

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 7, 2025. As such, this document was served on all counsel who have consented to electronic service.

/s/ *Benjamin T. Wang*
Benjamin T. Wang